# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RAY SCOTT HEID**, *et al.*,

    **Plaintiffs**,

v.

**LT. TODD ADERHOLT**, *et al.*,

    **Defendants.**

**Civil Action 2:20-cv-901**
**Chief Judge Algenon L. Marbley**
**Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECCOMMENDATION

On February 9, 2020, Plaintiffs Ray Scott Heid and James E. Damron, state inmates proceeding without the assistance of counsel, filed a Complaint against 41 Defendants alleging violations of their civil rights under 42 U.S.C. § 1983. (ECF No. 1.) Defendants did not pay the requisite filing fee and did not file applications to proceed *in forma pauperis*. The Court, therefore, issued an Order and Notice of Deficiency on February 21, 2020. (ECF No. 3.) On March 3, 2020, Plaintiff Ray Scott Heid filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 8.) On March 9, 2020, Plaintiff James E. Damron filed a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 11.) For the reasons that follow, it is **RECOMMENDED** that Plaintiffs' Motions (ECF Nos. 8, 11) be **DENIED**.

    **A. Plaintiff James E. Damron's Motion**

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The

*Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id.* Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id.* Courts evaluating applications to proceed *in forma pauperis*, generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc. Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

Here, the information set forth in Plaintiff Damron's *in forma pauperis* application does not demonstrate his inability to pay. Although he indicates in his affidavit that his current inmate trust account balance is $1.67, Plaintiff Damron's application also indicates that his average monthly deposit is $246.61. (ECF No. 11 at 6.) Even though Plaintiff has little or no monthly income, federal courts have consistently considered "other financial resources" in determining a litigant's ability to pay. *Ciavarella v. Comm'r of Soc. Sec.,* No. 5:13-CV-2031, 2013 WL 5354091 at *1 (N.D. Ohio Sept. 24, 2013). It does not appear, considering Plaintiff Damron's regular access to funds, that the cost of filing the instant matter is beyond his means.

In sum, the Undersigned finds that Plaintiff Damron has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation. It is, therefore, **RECOMMENDED** that Plaintiff Damron's Motion for Leave to Proceed *in forma pauperis* be **DENIED**.

## B. Plaintiff Ray Scott Heid's Motion

The Prisoner Litigation Reform Act ("PLRA") limits a prisoner's ability to proceed *in forma pauperis* if the prisoner has had three or more prior cases dismissed on the grounds that they were frivolous or malicious:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In interpreting the language of this section, the United States Court of Appeals for the Sixth Circuit has held that claims dismissed as frivolous or for failure to state a claim both count as strikes under § 1915(g). *Pointer v. Wilkinson*, 502 F.3d 369, 373 (6th Cir. 2007) ("The text of § 1915(b) draws no distinction between claims dismissed as frivolous or for failure to state a claim; both types of dismissals count as a strike").

As the language of § 1915(g) indicates, the three-strikes provision will not apply if a "prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Sixth Circuit describes the requirements for a claim of imminent danger as follows:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x. 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id.* at 797–98; *see also Taylor [v. First Med. Mgmt.]*, 508 F. App'x. [601] at 492 [(6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x. 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf. Pointer*, 502 F.3d at 371 n. 1 (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to §

3

1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x. at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x. at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

The Undersigned concludes that Plaintiff Heid has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g) of the PLRA. After conducting a review of the records of the United States Courts, the Undersigned has found at least three cases that qualify as strikes under the three-strikes provision:

> *Heid v. Warden, Ross Correctional Institution*, No. 1:16-cv-00234 (S.D. Ohio): Dismissed on February 14, 2017, for failure to state a claim upon which relief may be granted because the claims were time-barred under 28 U.S.C. § 2244(d)(1).
>
> *Heid v. Warden, Ross Correctional Institution*, No. 1:16-cv-00398 (S.D. Ohio): Dismissed on September 25, 2017, for failure to state a claim upon which relief may be granted because the claims were time-barred under 28 U.S.C. § 2244(d)(1).
>
> *Damron et al. v. Len Dodrill et al.*, No. 2:17-cv-00337 (S.D. Ohio): Dismissed on February 26, 2018, for failure to state a claim upon which relief may be granted uner 28 U.S.C. § 1983.

Each of the three cases was before the United States District Court; each was dismissed for failure to state a claim upon which relief may be granted. Thus, Plaintiff Heid must pay the full

filing fee in this case unless the "imminent danger" exception applies to the facts he has presented in his Complaint.[1]

A review of Plaintiffs' Complaint (ECF No. 1) reveals that they are not in imminent danger of serious physical injury. Plaintiffs allege that Ohio Department of Rehabilitation and Correction have placed a substantial burden on their religion by, *inter alia*, interfering with the Christian Separatist Church Society's affairs, confiscating their religious literature, and failing to authorize the Christian Separatist Church Society as an approved religious group. (*Id.* at 13-14.) Nowhere in the Complaint do Plaintiffs allege a real and proximate imminent danger of serious physical injury. *See Rittner*, 290 F. App'x at 797 ("In order to allege sufficiently imminent danger, we have held that the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed."). Accordingly, the "imminent danger" exception to § 1915(g) does not apply.

Because Plaintiff Heid has accumulated three strikes within the meaning of § 1915(g) and he is not in imminent danger of serious physical injury, the PLRA precludes him from proceeding *in forma pauperis*. Accordingly, it is **RECOMMENDED** that Plaintiff Heid's Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) be **DENIED**.

---

[1] In 2019, the Sixth Circuit Court of Appeals engaged in a lengthy discussion on whether dismissed petitions for habeas corpus count toward the three-strike rule. *Samarripa v. Ormond*, 917 F.3d 515, 521–23 (6th Cir. 2019), *cert. denied sub nom. Samarripa v. Kizziah*, 140 S.Ct. 515 (2019). The issue was not squarely before the Court, so it did not reach a conclusion but did note that the text of Section 1915(b)(1) seems to include dismissed habeas cases. *Id.* ("[Section 1915(b)(1)] applies when a prisoner 'files an appeal in forma pauperis.' There appears to be no modifier limiting this language to a subset of pauper appeals. It seems to cover each and every one.") Applying this case, the United States District Court for the Northern District of Ohio held that "dismissed habeas actions may constitute strikes." *Moore v. Dewiltz*, 394 F. Supp. 3d 769, 770–71 (N.D. Ohio 2019).

## C. Conclusion

Pursuant to the foregoing, it is **RECOMMENDED** that Plaintiffs' Motions for Leave to Proceed *in forma pauperis* (ECF Nos. 8, 11) be **DENIED**, that Plaintiffs be **ORDERED** to pay the entire $400 filing and administrative fee within **TWENTY-ONE (21) DAYS** of any Order adopting this Report and Recommendation, and that Plaintiffs be **ADVISED** that their failure to pay the full fee within twenty-one (21) days will result in the dismissal of the action. *See In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002). If Plaintiffs submit the full filing fee in a timely manner, the Court will conduct an initial screening of the Complaint to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court will then enter an appropriate order and direct service of summons and complaint on Defendants.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**


Date: April 6, 2020                         /s/ *Elizabeth A. Preston Deavers*
                                                   ELIZABETH A. PRESTON DEAVERS
                                                   CHIEF UNITED STATES MAGISTRATE JUDGE