**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**RAY SCOTT HEID**, *et al.*,

    **Plaintiff,**

                              Case No. 2:20-cv-901
v.                         Chief Judge Algenon L. Marbley
                              Chief Magistrate Judge Elizabeth P. Deavers

**LT. TODD ADERHOLT,** *et al.*,

    **Defendants.**

### ORDER

This matter is before the Court for consideration of two discovery-related motions filed by Plaintiff Heid. On February 24, 2020, Plaintiff Heid filed written discovery requests, specifically requests for production of documents, styled as a Motion and titled "Limited Request for Production Pursuant to Subpoena." (ECF No. 5.) The Court has not ordered Plaintiffs to file their discovery requests. Moreover, Plaintiffs have not utilized their discovery requests in a court proceeding. Rule 5(d)(1) provides in pertinent part:

> [D]isclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses must not be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.

Fed. R. Civ. P. 5(d)(1). Plaintiffs have thus filed these documents in violation of Federal Rule of Civil Procedure 5(d)(1).

Plaintiff Heid also filed a Motion for Leave to file a Subpoena *Duces Tecum*. (ECF No. 6.) Federal Rule of Civil Procedure 45 allows a party to subpoena *non-parties* for documents or for appearance at a deposition, hearing, or trial. Fed. R. Civ. P. 45. However, Plaintiff's Motion

seeks to serve subpoenas on named Defendants in this case and are accordingly inappropriate under the Federal Rules. (ECF No. 6.)

Moreover, Plaintiffs are not yet entitled to discovery. Plaintiffs Heid and Damron filed Motions for Leave to Proceed *in forma pauperis* on March 4, 2020, and March 9, 2020, respectively. (ECF Nos. 8, 11.) On April 6, 2020, the Undersigned issued a Report and Recommendation recommending that both Motions be denied and that Plaintiffs be ordered to pay the entire $400 filing and administrative fee within twenty-one days of any Order adopting the Report and Recommendation. (ECF No. 13.) Plaintiff Heid filed an objection to the Report and Recommendation on May 12, 2020, which is currently pending. (ECF No. 16.) The Undersigned's Report and Recommendation noted that upon Plaintiffs submitting the full filing fee, it would conduct an initial screen of the Complaint to identify cognizable claims and to recommend dismissal of Plaintiffs' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Only then will the Court enter an appropriate order and direct service of summons and complaint on Defendants. The Court has not yet conducted an initial screen and Plaintiffs are therefore not authorized to conduct discovery at this time. Accordingly, both Motions (ECF Nos. 5, 6) are **DENIED**. The Clerk is directed to **STRIKE** ECF No. 5 as it contains discovery requests not ordered to be filed and not utilized in a court proceeding. *See* Fed. R. Civ. P. 5(d)(1).

In addition, Plaintiffs' Motions are signed only by Plaintiff Heid and not by Plaintiff Damron. (*See* ECF Nos. 5, 6.) A party in federal court must proceed either through a licensed attorney or on their own behalf. 28 U.S.C. § 1654. The Sixth Circuit Court of Appeals has noted that 28 U.S.C. § 1654 "clearly makes no provision for a non-attorney's representation of others."

*J.M. Huber Corp. v. Roberts*, 869 F.2d 1491 (Table), 1989 WL 16866, at *1 (6th Cir. 1989).

Accordingly, Plaintiff Heid may not sign filings on behalf of Plaintiff Damron.  Plaintiffs are **ADVISED** that they are required to both personally sign any document filed in this Court until or unless they are represented by counsel.

    **IT IS SO ORDERED.**

**Date:   June 25, 2020**　　　　　　　　　　　　*/s/ Elizabeth A. Preston Deavers*
　　　　　　　　　　　　　　　　　　　　　　　**ELIZABETH A. PRESTON DEAVERS**
　　　　　　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES MAGISTRATE JUDGE**