# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **RAY SCOTT HEID,** *et al.*, | : | |
| | : | Civil Action. 2:20-CV-901 |
| **Plaintiffs,** | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Chief Magistrate Judge Deavers |
| **LT. TODD ADERHOLD,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on Chief Magistrate Judge Elizabeth Deavers's April 6, 2020 Report and Recommendation (ECF No. 13) recommending that the Motions for Leave to Proceed *in forma pauperis* by Plaintiff Ray Scott Heid (ECF No. 8) and by Plaintiff James E. Damron (ECF No. 11) be **DENIED**. On May 12, 2020, Plaintiff Ray Scott Heid filed an objection to the Report and Recommendation. (ECF No. 16). For the reasons set forth below, this Court **ADOPTS in part** the Report and Recommendation's findings as to Plaintiff James E. Damron's Motion and **DENIES** his Motion for Leave to Proceed *in forma pauperis* based on an independent analysis of the claims herein. (ECF No. 11). This Court **SUSTAINS** Plaintiff Ray Scott Heid's objections to Judge Deavers' Report and Recommendation and **GRANTS** his Motions for Leave to Proceed *in forma pauperis* based on an independent analysis of the claims herein.

## I. BACKGROUND

On February 9, 2020, Plaintiffs Ray Scott Heid and James E. Damron, incarcerated persons proceeding pro se, filed a complaint against 41 Defendants alleging civil rights violations pursuant to 42 U.S.C. § 1983. At the time of the complaint's filing, Plaintiffs neither paid the required filing fee nor filed Motions for Leave to Proceed *in forma pauperis* as required

by 28 U.S.C. § 1915(b)(1). After this Court issued an Order and Notice of Deficiency on February 21, 2020 (ECF No. 3), a Motion for Leave to Proceed *in forma pauperis* was filed by Plaintiff Ray Scott Heid on March 3, 2020 (ECF No. 8) and by Plaintiff James E. Damron on March 9, 2020 (ECF No. 11).

On April 6, 2020, the Chief Magistrate Judge entered a Report and Recommendation recommending that Plaintiffs' Motions be **DENIED**. (ECF No. 13). The Report and Recommendation determined that Plaintiff James E. Damron could not demonstrate an inability to pay since he had "regular access to funds," with an average monthly deposit of $246.61. (ECF No. 13 at 2). As to Plaintiff Ray Scott Heid, the Report and Recommendation determined that he had previously filed three cases that were dismissed and found to qualify as "strikes" within the meaning of 28 U.S.C. § 1915(g). (ECF No. 13 at 3). Two of these cases were habeas corpus petitions dismissed as time-barred under 28 U.S.C. § 2244(d)(1), and one case was dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Report and Recommendation also determined that Plaintiffs' complaint does not contain allegations suggesting that either Plaintiff is in imminent danger of serious physical injury that would allow an exception to the three-strikes provision under § 1915(g). (ECF No. 13 at 5).

On May 12, 2020, Plaintiff Heid filed an objection (ECF No. 16) to the Report and Recommendation, arguing that the Report and Recommendation's conclusion on the habeas corpus dismissals counting as strikes against Plaintiff Ray Scott Heid rested on dicta in a case that did not reach the issue of whether habeas corpus dismissals count as strikes pursuant to § 1915(g). Plaintiff Damron did not object to the Report and Recommendation's determination that he has not demonstrated an inability to pay for the costs of this litigation. Plaintiffs also did

not object to the finding that their complaint does not suggest they are not in imminent danger of serious physical injury.

## II. STANDARD OF REVIEW

When objections to a magistrate judge's report and recommendation are filed on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Only objections that are specific are entitled to a de novo review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (noting that "[t]he parties have the duty to pinpoint those portions of the Magistrate Judge's report that the district court must specially consider").

The court also holds pro se complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This less stringent standard extends to "additional allegations set forth in objections to the magistrate judge's R&R at the discretion of the district court." *Id.*

## III. ANALYSIS

### A. Plaintiff Damron's Motion to Proceed *in forma pauperis*

Judge Deavers' Report and Recommendation determined that Plaintiff James E. Damron could not demonstrate an inability to pay since he had "regular access to funds," with an average monthly deposit of $246.61. (ECF No. 13 at 2). Judge Deavers also determined that Plaintiffs' complaint did not contain allegations suggesting that either Plaintiff is in imminent danger of

3

serious physical injury that would allow an exception to the three-strikes provision under § 1915(g). (ECF No. 13 at 5).

The Report and Recommendation specifically advised Plaintiffs that the failure to object results in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. (ECF No. 18). Plaintiff Damron has failed to file any objections, and the deadline for objections has lapsed. Accordingly, this Court **ADOPTS in part** Judge Deavers' report and recommendation and **DENIES** Plaintiff Damron's Motion to Proceed *in forma pauperis*.

### B. Plaintiff Heid's Motion to Proceed *in forma pauperis*

The Prison Litigation Reform Act ("PLRA") prohibits a prisoner from proceeding with a civil action or appeal without prepayment of fees if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This has become known as the "three-strikes provision," with each "strike" representing a dismissal of an action or appeal. *See, e.g., in re* Alea, 286 F.3d 378 (6th Cir. 2002).

Judge Deavers' Report and Recommendation cited three cases that count toward the three-strikes provision against Plaintiff Ray Scott Heid. Two of these three cases are habeas corpus petition dismissals: *Heid v. Warden, Ross Correctional Inst.*, No. 1:16-cv-00234 (S.D. Ohio Feb. 14, 2017), ECF. No. 27 and *Heid v. Warden, Ross Correctional Inst.*, No. 1:16-cv-00398 (S.D. Ohio Sep. 25, 2017), ECF. No. 19. One dismissal was for filing a frivolous action and for failure to state a claim upon which relief can be granted: *Damron v. Dodrill*, No. 2:17-cv-00337 (S.D. Ohio Feb. 26, 2018), ECF No. 16. (ECF No. 13 at 5).

The Sixth Circuit has held that a plaintiff bears the burden of proving that an entire action does not count as a § 1915(g) strike by showing that the cases dismissed without prejudice were not frivolous, malicious, or failed to state a claim. *Taylor v. First Med. Mgmt.*, 508 F. App'x. 488, 496-97 (2012). In addition, "when a magistrate judge recommends that the plaintiff has three or more strikes, the plaintiff bears the burden of persuading the district court that the identified cases are not strikes." *Id.* at 496 n.8.

Where a plaintiff brings multiple claims and only one is meritorious, that case cannot count as a § 1915 (g) strike. *Taylor*, 508 F. App'x. at 496 (citing *Pointer*, 502 F.3d at 375-76) (noting "[e]ven if an action only has one meritorious claim amidst a sea of frivolous ones, the case cannot count as a § 1915(g) strike…[I]f any of the claims have merit, then the case cannot count as a strike."). A court is required to conduct a case-by-case analysis of a plaintiff's past dismissals to determine whether they count as strikes. *See id.* at 493-95. With regard to appeals, the Sixth Circuit counts an appeal as a strike for purposes of the PLRA only if the Court of Appeals dismisses the case pursuant to § 1915 (e)(2)(B), because it determined that the action was frivolous or malicious or failed to state a claim. *See Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 494 (6th Cir. 2012). Where an appeals court affirms the district court's decision, that affirmance does not count as a strike since the appeals court dismisses frivolous appeals pursuant to § 1915 (e)(2)(B). *See Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 436 (D.C. Cir. 2007) (noting "a decision to affirm rather than to dismiss implies a judgement that the appeal was not frivolous.") Where, however, an appeal is formally dismissed for want of prosecution, this dismissal counts as a strike if the court of appeals previously denied a motion to proceed in forma pauperis in that case on the basis that the appeal was frivolous. *Id.* at 433 (rejecting an argument that a formal dismissal for failure to prosecute should not count as a strike.).

After reviewing all of the civil (non-habeas) cases that Plaintiff Heid has taken part in as a plaintiff, this Court **AFFIRMS AND ADOPTS in part** Judge Deavers' finding that Plaintiff Ray Scott Heid has at least one strike for failure to state a claim upon which relief can be granted for participating as a plaintiff in *Damron v. Dodrill*, No. 2:17-cv-00337 ECF No. 16 (S.D. Ohio Feb. 26, 2018) (dismissing case for failure to state a claim on which relief can be granted and for filing frivolous suit since the claims were barred by doctrine of res judicata). Because the appeal of this decision was dismissed for want of prosecution after the Court of Appeals denied Damron and Heid's motion to proceed *in forma pauperis* and determined that the appeal was frivolous, the appeal of this decision also counts as a strike. *See Thompson*, 492 F.3d at 433. Accordingly, Plaintiff Heid has two strikes as a result of his participation in that action.

As to the habeas cases counted as dismissals, Heid objects to counting habeas corpus petition dismissals as § 1915(g) strikes. (ECF No. 16). Currently, the prevailing approach in the majority of circuits to have addressed the issue is to not count dismissals of habeas corpus petitions as strikes. *See Jones v. Smith*, 720 F.3d 142, 146-47 (2d Cir. 2013); *Paige v. Bacarisse*, 80 F. App'x 299, 300 (5th Cir. 2003); *Andrews v. King*, 398 F.3d 1113, 1122-23 (9th Cir. 2005); *Jennings v. Natrona Cty. Detention Ctr. Med. Facility*, 175 F.3d 775, 779 (10th Cir. 1999); *Mitchell v. Fed Bureau of Prisons*, 587 F.3d 415, 418 (D.C. Cir. 2009). *See also McLean v. United States*, 566 F.3d 391, 395 (4th Cir. 2009) (considering only the non-habeas dismissed actions as strikes under § 1915(g)) *abrogated on other grounds by Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020). *But see Patton v. Jefferson Correctional Ctr.*,136 F.3d 458, 464 (5th Cir. 1998) (counting as strikes plaintiff's prior suits under 42 U.S.C. § 1983 that the court interpreted as also seeking habeas relief); *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005) (noting if plaintiff "files a habeas corpus petition that should be presented under other statutes, he or she

may be subject to the three-strikes rule of the PLRA"); *Jennings*, 175 F.3d at 779 n.2 (noting that "a habeas petition more appropriately construed as a § 1983 action" would count as a strike).

In the majority of circuits, courts have relied on their prior holdings that habeas corpus petitions do not fall under the purview of the PLRA in general. For example, the Ninth Circuit held that the PLRA does not affect or implicate habeas corpus proceedings, reasoning that Congress focused instead on limiting lawsuits from incarcerated persons regarding civil rights issues and prison conditions. *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997). The court then relied on this reasoning to rule that dismissed habeas petitions therefore do not count as strikes under § 1915(g). *Andrews*, 398 F.3d at 1122-23.

Those circuits that have counted habeas corpus petition dismissals as strikes did not actually construe those dismissed actions as straightforward habeas petitions under 22 U.S.C. § 2254. Rather, these actions were construed as bringing forth claims under other statutes such as 42 U.S.C. § 1983 that were disguised as habeas petitions, or as actions with multiple claims that included a habeas petition. *See Patton*, 136 F.3d at 463-64; *Glaus*, 408 F.3d at 386; *Bakalov v. McCotter*, No. 97-4023, 1998 U.S. App. LEXIS 6606, at *2 (10th Cir. Apr. 2, 1998) (affirming the district court's holding that a plaintiff's habeas petition challenging an officer's disciplinary hearing finding and sanction was actually an action under 42 U.S.C. § 1983, and that the dismissal of that action counted as a strike).

While the Sixth Circuit has not yet ruled on whether habeas corpus petition dismissals count as strikes,[1] the court has ruled that habeas corpus petitions are not included under the PLRA. *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997). In *Kincade*, the court held that the term "civil action" in § 1915 does not include habeas corpus petitions pursuant to § 2254

---

[1] *See Samarripa v. Ormond*, 917 F.3d 515, 522 (6th Cir. 2019) (discussing but not deciding whether dismissed habeas cases count as strikes pursuant to the PLRA).

7

or motions to vacate sentences pursuant to § 2255 and that prisoners bringing such actions are not subject to the filing fee requirements of the PLRA. *Id.* at 952. The court reasoned that to hold otherwise would "eradicate habeas relief for prisoners who have a history of groundless civil suits." *Id*. at 951. Following this line of reasoning and the decisions of the Circuit Courts of Appeal that have similarly construed the PLRA, this Court determines that because habeas corpus petitions do not fall under the PLRA, the dismissal of a habeas corpus petition does not count as a strike within the meaning of § 1915 (g).

The two habeas cases cited in the Report and Recommendation were petitions brought under 28 U.S.C. § 2254 dismissed as time-barred under 28 U.S.C. § 2244(d)(1). (ECF No. 13 at 5). Accordingly, this Court holds that these two dismissals do not count toward Plaintiff Ray Scott Heid's three strikes within the meaning of § 1915(g).

Based on an independent analysis conducted herein, this Court finds that Plaintiff Ray Scott Heid has two strikes within the meaning of § 1915(g) for participating in *Damron v. Dodrill*, No. 2:17-cv-00337 (S.D. Ohio Apr. 20, 2017) and *Damron v. Dodrill*, No. 18-03281 (6th Cir. Mar. 30, 2018). As Plaintiff Ray Scott Heid currently has only two strikes he may proceed *in forma pauperis* under § 1915.

### IV.  CONCLUSION

The Court hereby **ADOPTS** in part the Report and Recommendation's findings as to Plaintiff James E. Damron's Motion. The Court **SUSTAINS** Plaintiffs' objections and **REVERSES** in part the Report and Recommendation's findings as to Plaintiff Ray Scott Heid's habeas corpus petition dismissals counting towards the three strikes within the meaning of § 1915(g) based on an independent analysis of the claims herein. Plaintiff James E. Damron's

Motion for Leave to Proceed *in forma pauperis* (ECF No. 11) is **DENIED**. Plaintiff Ray Scott Heid's Motion for Leave to Proceed *in forma pauperis* (ECF No. 8) is **GRANTED**.

  **IT IS SO ORDERED.**

                _____
                **ALGENON L. MARBLEY**
                **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  August 12, 2020**