IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RAY SCOTT HEID**, *et al.*, | : |
| Plaintiffs, | : Case No. 2:20-cv-0901 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| **LT. TODD ADERHOLT**, *et al.*, | : Magistrate Judge Elizabeth P. Deavers |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion to Correct Manifest Miscarriage of Justice (ECF No. 83), which this Court construes as a motion to alter or amend the judgement pursuant to the Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiffs' Motion (ECF No. 83) is **DENIED**.

**I. BACKGROUND**

Plaintiffs Ray Scott Heid and James E. Damron are inmates incarcerated at the Lebanon Correctional Institution and the Noble Correctional Institution, respectively. (ECF No. 81 at 1). Plaintiffs identify as adherents to the Christian Separatist faith, which this Court has described as "a militantly Christian, White Nationalist organization composed only of white Christian men and women who hold the view that true white Nationalism and Christianity are one in the same philosophy." (*Id.* at 2) (quoting ECF No. 110 at 1–2). Plaintiffs' many cases stem from purportedly unconstitutional restrictions on their Christian Separatist practice, imposed by the Ohio Department of Rehabilitation and Corrections ("ODRC"). The pair are frequent *pro se* litigants before this Court who proceed in this instance on "the latest iteration of a series of civil rights lawsuits brought by Plaintiffs over the past thirteen years." (ECF No. 62 at 1).

In this case, filed February 9, 2020, Plaintiffs "generally allege civil rights deprivations related to, *inter alia*, Defendants' confiscation and/or prohibition of certain Christian Separatist ("CS")-related literature, publications, CDs, symbols, and messages." (*Id.* at 2) (citing ECF No. 1). On February 4, 2021, Plaintiffs filed a Supplemental Complaint, generally alleging the same civil rights deprivations. (ECF No. 25). On July 22, 2021, Defendants filed their Motion to Dismiss, seeking to dismiss Plaintiffs' Complaint and Supplemental Complaint in their entirety. (ECF No. 39). The Magistrate Judge issued a Report and Recommendation (ECF No. 62) recommending this Court grant in part and deny in part Defendants' Motion to Dismiss. Plaintiffs timely submitted their objections. (ECF No. 72).

On August 1, 2022, this Court issued an order granting in part and denying in part Defendants' Motion to Dismiss. (ECF No. 81). Specifically, this Court sustained Plaintiffs' Objections so that the following claims remained:

- Plaintiffs' "ethno-religious discrimination" claims;
- Plaintiff Damron's claims against Defendants Aderholt; Bratton; Caradine; Crawford; Emrick; Jennings; Jane/John Does, PSC; and Lambert, pertaining to the withholding of Rise of the Aryans and "Werewolfe of the Reich" from Plaintiff Damron; and
- Plaintiffs' retaliation claims against Defendants Aderholt; Ash; Chambers-Smith; Cook; Jane/John Doe Lawyers; Lt. John Doe; Detty; Donaldson; Figgins; Friend; Gillum; Good; Graves; Hill; Huffman; Hunyadi; Letts; Miller; Morgan; Niceswanger; Roberts; Rose; Shanklin; Smith; Shuvallus; Ward; Wiggins; Windom; and Wright.

(*Id.* at 21–22).

By virtue of this Court's order, however, Plaintiffs' claims pertaining to the withholding of *Race Life* from Plaintiff Heid, Plaintiffs' conspiracy claims, Plaintiffs' Equal Protection claims, and Plaintiffs' access to courts claims were all dismissed. Finally, this Court dismissed Plaintiffs' Motion for a Preliminary Injunction (ECF No. 52).

This Court's reasoning as concerns the dismissed claims proceeds as follows. With

respect to Plaintiffs' conspiracy claim, this Court concurred with the Magistrate Judge's assessment that Plaintiffs' allegations lack specificity regarding the purpose or nature of Defendants' alleged conspiracy. This Court noted that the deficiencies in Plaintiffs' allegations were particularly problematic given the "skepticism and disfavor" with which courts approach an alleged conspiracy encompassing dozens of civil servants. (ECF No. 81 at 9–10); *Fisher v. City of Detroit,* 4 F.3d 993 (table), 1993 WL 344261, at *5 (6th Cir. Sept. 9, 1993). As the Magistrate Judge noted in the analysis that this Court adopted:

> [A]t various moments throughout their pleadings, Plaintiffs allege that the subject conspiracy was "orchestrated" by at least five different groups of people, and took at least five different forms … [a]nd beyond that, Plaintiffs provide no plausible basis for the Undersigned to find, no matter how liberally the pleadings are construed, that nearly three dozen prison officials (representing no fewer than five different prisons as well as various members of the ODRC administration) and two unidentified lawyers 'shared in the general conspiratorial objective,' whatever that objective may be.

(ECF No. 81 at 8–9) (quoting ECF No. 62 at 20–21).

With respect to Plaintiffs' equal protection claim, this Court concurred with the Magistrate Judge's recommendation to dismiss it given that Plaintiffs failed to identify any similarly situated groups who had been treated differently. (*Id*. at 10). This Court then dismissed Plaintiffs' claim that Defendants withheld their legal mail because Plaintiffs had not alleged that their efforts to litigate had been prejudiced in any material way. (*Id.* at 13). Last, this Court denied Plaintiffs' motion for a preliminary injunction because they failed to demonstrate the existence of the relevant factors and because Plaintiffs' arguments were mere attempts to relitigate matters that were decided against them in a previous proceeding. (*Id.* at 21).

On August 29, 2022, Plaintiffs timely filed their Motion to Correct Manifest Miscarriage of Justice (ECF No. 83). The motion requests that this Court alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

## II.  STANDARD OF REVIEW

"The purpose of Rule 59(e) is 'to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" *Esparza v. Anderson*, No. 3:96-CV-7434, 2013 WL 774155, at *7 (N.D. Ohio Feb. 27, 2013) (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). Under Rule 59(e), a motion to alter or amend judgment may be filed within 28 days of the entry of judgment where there exists "'(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *CitiMortgage, Inc. v. Nyamusevya,* No. 2:13-CV-00680, 2015 WL 1000444, at *2 (S.D. Ohio Mar. 5, 2015) (Marbley, J.) (quoting *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005)). A showing of manifest injustice "requires that there exists a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Harris v. Perry,* No. 212CV02668STADKV, 2016 WL 5396701, at *3 (W.D. Tenn. Sept. 27, 2016).

"[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State,* No. 2:05-CV-1165, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (Marbley, J.) (citing *Helton v. ACS Grp.,* 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)); *Howard*, 533 F.3d at 475. Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser,* No. 2:15-CV-956, 2016 WL 74986, at *1 (S.D. Ohio Jan. 7, 2016) (Marbley, J.). Further, it is not the function of a motion to reconsider to renew arguments that the

Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, No. 5:18-cv-73, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)).

### III.  LAW AND ANALYSIS

In their Motion to Amend, Plaintiffs ask this Court to reconsider its Order dismissing their conspiracy and equal protection claims. Plaintiffs' substantive arguments, however, focus solely on the equal protection claim. On that point, Plaintiffs contend that this Court "clearly erred" by relying on the reasoning in *Heid v. Marbley*, Case No. 2:20-cv-1512 ("Marbley") to dismiss the equal protection claim. Specifically, Plaintiffs argue that *Marbley* is distinguishable because the equal protection claim in that case concerned merely a "congregate worship circumstance" whereas the instant case involves a "complete ban of every practice of Christian-Separatism from within ODRC based on a religious separatist viewpoint." (ECF No. 83 at 2). Plaintiffs argue that this Court improperly found that they failed to establish the existence of similarly situated group for purposes of their equal protection claim given their filed documents which demonstrated that "the faith groups of Judaism, Black Hebrew Israelites, Nation of Islam and Rastafarians" teach racial supremacy in the same manner as Christian Separatism.

Plaintiffs' Motion is due dismissal because it does not demonstrate the existence of the type of error that leaves the Court, reviewing for clear error, "with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). Even further, Plaintiffs' Motion does not demonstrate the existence of an error in the Order *at all*. Nowhere in Plaintiffs' Motion do they even *argue*, under the appropriate standard of review, exactly how any portion of the Order committed a clear error of law. Nor do Plaintiffs cite to any newly discovered evidence, an intervening change in controlling law; or a manifest

5

injustice that has been created by this Court's issuance of the Order. Plaintiffs make two substantive arguments in their Motion, which this Court resolves in turn.

First, this Court considers Plaintiffs' argument that this Court erroneously relied on its previous ruling in *Marbley* to dismiss their equal protection claim. This Court cited *Marbley* in its Order for the proposition that a separatist religious group is not "similarly situated […] in the relevant respects" to other faiths which are not shown to be themselves separatists, thus frustrating any disparate treatment claim. (ECF No. 81 at 10). Even if analogizing the instant case to the facts of *Marbley* would have constituted error, this Court did not compare the facts of the two cases. The facts in *Marbley* are immaterial to the Order's disparate treatment analysis; this is especially true because the Order merely restated a portion from *Marbley*'s *legal* analysis concerning identical *legal* arguments made by Plaintiffs in that case.

Second, this Court considers Plaintiffs' assertion that this Court erroneously disregarded "material evidence" provided by Plaintiffs demonstrating that "the faith groups of Judaism, Black Hebrew Israelites, Nation of Islam and Rastafarians" are "racial supremacists." This assertion, however, merely restates Plaintiffs' arguments that this Court considered and rejected in the Order at issue. Plaintiffs do not argue that this Court clearly erred in its alleged disregard of the purported evidence. Furthermore, not only do Plaintiffs fail to offer any previously undisclosed evidence in support of the proposition that members of these faiths are separatists—Plaintiffs assert that "there is demonstratable evidence within this Court's possession" already. As such, this evidence cannot constitute newly discovered evidence warranting reconsideration. *See CitiMortgage, Inc.,* 2015 WL 1000444, at *2.

In sum, Plaintiffs' Motion merely seeks reconsideration of arguments that this Court has considered and rejected. Far from providing newly discovered evidence, *see id.*, Plaintiffs have

only directed this court to re-examine their prior filings. This is improper. *See Kittle,* 2007 WL 543447, at *1. As such, this Court **DENIES** Plaintiffs' Motion.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Correct Manifest Miscarriage of Justice (ECF No. 83) is **DENIED**.

**IT IS SO ORDERED.**

                                            **ALGENON L. MARBLEY**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 13, 2023**