IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RAY SCOTT HEID,** *et al.*,

    **Plaintiff,**

v.

Case No. 2:20-cv-901
Chief Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

**LT. TODD ADERHOLT,** *et al.*,

    **Defendants.**

## ORDER

On January 22, 2024, the Clerk of Court issued a Notice advising the parties that this case had been identified as ready for a mediation conference in March 2024.  (ECF No. 98.)  That Notice directed counsel to confer concerning the readiness of this case for a settlement conference, and if all counsel agreed that a mediation should not be scheduled, then the Notice instructed counsel to send an email to the Clerk by no later than 4:00pm EST on February 1, 2024, to advise the Court of that fact.  (*Id.*)  The Clerk's Notice expressly set forth that this procedure, and this deadline, was established "[i]n order to avoid the administrative costs associated with vacating a case after it has been set."  (*Id.*)

Counsel in this case did not send an email to the Clerk by the deadline, so on February 2, 2024 the Court designated a mediator.  But then, on February 5, 2024, Plaintiffs filed a Motion to Vacate March Mediation, submitting that "[b]oth parties agree that it would not be a good use of judicial resources to attempt a mediation as both parties believe it would not be fruitful."  (ECF No. 99.)

1

The Court does not appreciate Plaintiffs' filing, because the parties did not comply with the Clerk's Notice – they either failed to confer in a timely manner as instructed, failed to timely notify the Clerk by the February 1, 2024 deadline as instructed, or both.[1]  While the Clerk's Notice states that "[n]othing . . . is intended to preclude a timely motion to vacate or continue a settlement conference, **should the grounds for such motion become apparent only after the case is set for a settlement conference** on a specific date and time," the subject Motion only arises out of counsel's noncompliance with the Clerk's Notice.  (ECF No. 98 (emphasis added).)  Accordingly, the subject Motion has resulted in exactly the type of wasted time and resources (by both the Court and the mediator) which the Clerk's Notice was expressly designed to prevent.

Those issues notwithstanding, the Court will generously construe the subject Motion as having established good cause.  Accordingly, the subject Motion (ECF No. 99) is **GRANTED**.  The parties' mediation previously set for March 2024 is hereby **VACATED.**   Any future failures to comply with Court notices or Orders will not be met with such generosity.

**IT IS SO ORDERED.**

**Date: February 6, 2024**                                 /s/ *Elizabeth A. Preston Deavers*
                                                          **ELIZABETH A. PRESTON DEAVERS**
                                                          **UNITED STATES MAGISTRATE JUDGE**

---

[1] The Court notes that this is not the first time the parties have missed a deadline in this action since Plaintiffs retained counsel.  (*See* ECF No. 95 ("No dispositive motions were filed by the December 1, 2023 deadline").)

2